# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL GONZALEZ, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO.  1:19-cv-01094-DAP |
| | ) | JUDGE DAN AARON POLSTER |
| Plaintiff, | ) ) | |
| vs. | ) ) | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| CLUTCH LANDSCAPING & MAINTENANCE INC., | ) ) ) | |
| Defendant. | ) | |

Defendant Clutch Landscaping & Maintenance Inc. (hereinafter referred to as "Defendant"), by and through the undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint states as follows:

## FIRST DEFENSE

1.      In response to paragraph 1 of the Complaint, Defendant states that the Complaint speaks for itself and no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 1 and therefore denies the same.

2.      In response to paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

3.      In response to paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

4.      In response to paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

5.      In response to paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 5 and therefore denies the same.

6.      In response to paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 6 and therefore denies the same.

7.      In response to paragraph 7 of the Complaint, Defendant denies the allegations contained therein.

8.      In response to paragraph 8 of the Complaint, Defendant admits the allegations contained therein.

9.      In response to paragraph 9 of the Complaint, Defendant admits the allegations contained therein.

10.      In response to paragraph 10 of the Complaint, Defendant admits the allegations contained therein.

11.      In response to paragraph 11 of the Complaint, Defendant admits the allegations contained therein.

12.      In response to paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 12 and therefore denies the same.

13.      In response to paragraph 13 of the Complaint, Defendant admits the allegations contained therein.

14.     In response to paragraph 14 of the Complaint, Defendant denies the allegations contained therein.

15.     In response to paragraph 15 of the Complaint, Defendant admits the allegations contained therein.

16.     In response to paragraph 16 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 16 and therefore denies the same.

17.     In response to paragraph 17 of the Complaint, Defendant admits that Plaintiff for a portion of his work was employed as a non-exempt employee.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 17 and therefore denies the same.

18.     In response to paragraph 18 of the Complaint, Defendant admits that Plaintiff was paid an hourly wage.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 18 and therefore denies the same.

19.     In response to paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 19 and therefore denies the same.

20.     In response to paragraph 20 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 20 and therefore denies the same.

21.     In response to paragraph 21 of the Complaint, Defendant admits that it payed Plaintiff straight time in cash for some hours worked over forty when requested to do so by

Plaintiff and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in paragraph 21 and therefore denies the same.

22.     In response to paragraph 22 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 22 and therefore denies the same.

23.     In response to paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

24.     In response to paragraph 24 of the Complaint, Defendant states Plaintiff's Complaint speaks for itself and that no response is necessary, but to the extent that such response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 24 and therefore denies the same.

25.     In response to paragraph 25 of the Complaint, Defendant states Plaintiff's Complaint speaks for itself and that no response is necessary, but to the extent that such response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 25 and therefore denies the same.

26.     In response to paragraph 26 of the Complaint, Defendant denies the allegations contained therein.

27.     In response to paragraph 27 of the Complaint, Defendant denies the allegations contained therein.

28.     In response to paragraph 28 of the Complaint, Defendant states that Plaintiff's Complaint and 29 U.S.C. 216(b) speak for themselves and therefore no response is necessary. To the extent that a response is necessary and in response to the remaining allegations asserted in

paragraph 28, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

29.     In response to paragraph 29 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 29 and therefore denies the same.

30.     In response to paragraph 30 of the Complaint, Defendant states Plaintiff's Complaint speaks for itself and that no response is necessary, but to the extent that such response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 30 and therefore denies the same.

31.     In response to paragraph 31 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 31 and therefore denies the same.

32.     In response to paragraph 32 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 32 and therefore denies the same.

33.     In response to paragraph 33 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 33 and therefore denies the same.

34.     In response to paragraph 34 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 34 and therefore denies the same.

35.     In response to paragraph 35 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 35 and therefore denies the same.

36.     In response to paragraph 36 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 36 and therefore denies the same.

37.     In response to paragraph 37 of the Complaint, Defendant realleges and incorporates by reference its answers to paragraphs 1-36 as if each were fully set forth herein.

38.     In response to paragraph 38 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 38 and therefore denies the same.

39.     In response to paragraph 39 of the Complaint, Defendant denies the allegations contained therein.

40.     In response to paragraph 40 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 40 and therefore denies the same.

41.     In response to paragraph 41 of the Complaint, Defendant realleges and incorporates by reference its answers to paragraphs 1-40 as if each were fully set forth herein.

42.     In response to paragraph 42 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 42 and therefore denies the same.

43.     In response to paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

44.     In response to paragraph 44 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph 44 and therefore denies the same.

## SECOND DEFENSE

43.     Plaintiff s Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

44.     This case is inappropriate for treatment as a collective action because Plaintiff is not similarly situated to Defendant's other employees or former employees whom he or his counsel seek to represent.

## FOURTH DEFENSE

45.     This action cannot be maintained as a collective action as the Plaintiff fails to meet the requirements of 29 U.S.C. § 216.

## FIFTH DEFENSE

46.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## SIXTH DEFENSE

47.     Plaintiff's claims are barred, in whole or in part, by his or their own misconduct and/or unclean hands.

## SEVENTH DEFENSE

48.     Plaintiff's claims are barred by the doctrines of laches, payment, release, accord and satisfaction.

**EIGHTH DEFENSE**

49.     The claims set forth in the Complaint are barred, in whole or in part, by the doctrines of release, waiver and estoppel.

**NINTH DEFENSE**

50.     Plaintiff, by his conduct, has waived any rights he may have had.

**TENTH DEFENSE**

51.     Plaintiff has not been damaged in any manner or amount and any further payment to such Plaintiff would constitute unjust enrichment.

**ELEVENTH DEFENSE**

52.     Pursuant to 29 U.S.C. § 260, Defendant cannot be liable for liquidated damages because any acts or omissions giving rise to this action were undertaken in good faith and with reasonable grounds for believing that its actions were in compliance with the Fair Labor Standards Act (hereinafter "FLSA").

**TWELFTH DEFENSE**

53.     Pursuant to 29 U.S.C. § 259, Defendant is not liable under the FLSA because any acts or omissions giving rise to this action were undertaken in good faith and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**THIRTEENTH DEFENSE**

54.     Defendant did not willfully violate the FLSA because any acts or omissions giving rise to this action were reasonable and not undertaken with reckless disregard as to whether such actions or omissions violated the FLSA.

**FOURTEENTH DEFENSE**

55.     Plaintiff's claims are barred due to insufficient service of process upon Defendant.

**FIFTEENTH DEFENSE**

56.     To the extent that Plaintiff has received other benefits and/or awards attributable to an injury for which he seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award received here for the same injury.

**SIXTEENTH DEFENSE**

57.     The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of payment because Defendant properly compensated Plaintiff for all hours worked in accordance with the FLSA.

**SEVENTEENTH DEFENSE**

58.     Plaintiff's claims in the Complaint are subject to the *de minimus* rule, 29 C.F.R. §785.47, because they involve insignificant amounts of overtime.

**EIGHTEENTH DEFENSE**

59.     The Complaint and each cause of action alleged therein are barred to the extent the Court lacks subject matter jurisdiction over the stated claims.

**NINETEENTH DEFENSE**

60.     Notwithstanding the applicable overtime compensation actually paid, and without assuming liability, even if Defendant has, in fact, failed to pay Plaintiff for any of the activities alleged in his Complaint, which Defendant maintains it has not, such activities do not constitute compensable work under the FLSA and/or other applicable state laws, and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities of employment and are not compensable.

## TWENTIETH DEFENSE

61.    Notwithstanding the overtime compensation actually paid, and without assuming liability, even if Defendant has in fact failed to pay Plaintiff for any of the activities alleged in his Complaint, which Defendant maintains it has not, any bonuses do not constitute wages for purposes of calculating overtime pay pursuant to the FLSA.

## TWENTY-FIRST DEFENSE

62.    Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses beyond those listed above. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests the Court to dismiss this Complaint with prejudice, deny Plaintiff's claims and prayers for relief and award Defendant a judgment in their favor with costs, reasonable attorneys' fees and other such and further relief as this Court deems proper and just.

Respectfully submitted,

/s/ Ryan T. Neumeyer
Ryan T. Neumeyer (0076498)
Sarah M. Mancuso (0096589)
McDonald Hopkins LLC
600 Superior Avenue, Suite 2100
Cleveland, Ohio 44114
Tel: 216-348-5838 / 216-348-5474
Email: rneumeyer@mcdonaldhopkins.com

*Attorneys for Defendant*
*Clutch Landscaping & Maintenance Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2019, the foregoing **Defendant's Answer and Affirmative Defenses** were filed electronically.  Notice of this filing will be sent to the parties listed below by operation of the Court's electronic filing system.

Lori M. Griffin, Esq.
Anthony J. Lazzaro, Esq.
Chastity L. Christy, Esq.
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, OH 44113
P: 216-696-5000/ F: 216-696-7005
lori@lazzarolawfirm.com
anthony@lazzarolawfirm.com
chastity@lazzarolawfim.com

*Counsel for Plaintiff*

/s/ Ryan T. Neumeyer
Ryan T. Neumeyer (0076498)

*Attorney for Defendant*
*Clutch Landscaping & Maintenance Inc.*